UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                 **DECISION AND ORDER**
                                                              00-CR-49S

PABLO ARNAU,
                  Defendant.

        1.        On May 18, 2001, following a jury trial, Defendant was convicted of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon), and 21 U.S.C. § 841(a)(1) and (b)(1)(B) (possession with intent to distribute and distribution of five grams or more of cocaine base). (Docket No. 26). On October 19, 2001, this Court sentenced Defendant to concurrent terms of 120 months on count one (the felon-in-possession count), and 144 months on count two (the drug possession count). (Docket No. 38).

        2.        On June 5, 2006, Defendant, proceeding *pro se*, filed a Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 55). Defendant subsequently filed a Motion for Summary Judgment on the same grounds. (Docket No. 58). The Government filed a response opposing Defendant's request (Docket No. 60), and Defendant filed a Traverse in Opposition to the Government's Response (Docket No. 64). For the following reasons, Defendant's Motions are denied.

        3.        Defendant requests that this Court reduce his sentence to correct enhancements that were applied under Guidelines §§ 2K2.1(b)(5) and 2D1.1(b)(1). (Defendant's Mem., Docket No. 55, pp. 3-5). Defendant contends that Amendment 599 to the Guidelines retroactively made these enhancements inapplicable to his case. (Defendant's Mem., Docket No. 55, pp. 3-5).

4. Amendment 599 revised the "Application Notes" commentary to § 2K2.4 and retroactively modified the Guidelines enhancements applicable to 18 U.S.C. § 924(c) offenses. Amendment 599 provides:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).
> . . .
> If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under §2K1.3(b)(3) (pertaining to possession of explosive material in connection with another felony offense) or §2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a). For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under §2K2.1(b)(5) would not apply.

Amendment 599 prevents double-counting where a Defendant is convicted and sentenced under 18 U.S.C. 924(c), and faces firearms-related sentencing enhancements under Guidelines §§ 2D1.1(b)(1) and 2K2.1(b)(5). United States v. Goines, 357 F.3d 469, 471-73 (4th Cir. 2004). Amendment 599 provides that these enhancements may not apply to an 18 U.S.C. § 924(c) conviction.

As the Fourth Circuit explained in Goines:

> [F]ederal law provides **three ways** to penalize a defendant who unlawfully possessed a firearm and used or carried it during a drug trafficking offense. **First**, the defendant may be convicted and sentenced under § 924(c). **Second**, if the defendant is convicted of a drug trafficking offense ... U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." And **third**, if the defendant is convicted of unlawful possession of a firearm, his sentence may be enhanced for using the firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5).

357 F.3d 469, 472 (4th Cir. 2004) (emphasis added).

Amendment 599 provides that where a defendant is convicted and sentenced under 18 U.S.C. 924(c), he should not receive additional sentencing enhancements under Guidelines §§ 2D1.1(b)(1) and 2K2.1(b)(5).

5.    In Defendant's case, the PSR includes separate calculations for the offense levels on counts one and two.  On count one (the felon-in-possession count) the probation officer calculated a base offense level of **20**, and added a **4-level** enhancement under §2K2.1(b)(5) because Defendant possessed the firearm with knowledge that it would be used in another felony offense.  (Pre-Sentence Report ("PSR"), ¶¶ 12-13).  This resulted in an adjusted offense level of **24.**  (PSR, ¶ 17).

On count two (the drug possession count) the probation officer calculated a base offense level of **26**, and added a **2-level** enhancement under §2D1.1(b)(1) because Defendant possessed a firearm during the commission of the drug offense. (PSR, ¶¶ 18-19).  This resulted in an adjusted offense level of **28**.  (PSR, ¶ 23).

The probation officer then grouped counts one and two pursuant to §3D1.2(c), which made the higher offense level of **28** the total offense level for sentencing purposes.

(PSR, ¶ 24).

6.      On its face, Amendment 599 does not apply to Defendant's case because he was not convicted or sentenced under 18 U.S.C. 924(c).  Although Defendant received firearms enhancements under §2D1.1(b)(1) and §2K2.1(b)(5), the sentencing provisions specifically covered by Amendment 599—18 U.S.C. § 924(c) and §2K2.4—were not applied to his sentence.

7.      Moreover, even if Amendment 599 did apply, there was no impermissible double-counting in Defendant's case.  A drug charge under 21 U.S.C. § 841 is a separate crime with different requirements than a felon-in-possession charge under 18 U.S.C. § 922. See United States v. Taylor, 248 F.3d 506, 517 (6th Cir. 2001).  It is therefore permissible for a court to apply the firearms enhancement under §2D1.1(b)(1) to a drug conviction, even where a defendant is also convicted under 18 U.S.C. § 922(g)(1) for possessing the same firearm.  See United States v. Pierce, 388 F.3d 1136, 1138-39 (8th Cir. 2004) ("In calculating a defendant's offense level for a drug conviction, it does not constitute impermissible double-counting to apply a § 2D1.1(b)(1) enhancement, even though the defendant has also been convicted under § 922(g)(1) for possessing the same firearm.") (citing Taylor, 248 F.3d at 506).[1]

Furthermore, while both of Defendant's offenses and the corresponding enhancements involved a firearms element, the grouping under §3D1.2(c) effectively

---

[1] The Sixth Circuit reached the same conclusion as this Court in a nearly identical, but unpublished case: United States v. Henderson, 129 Fed.Appx. 949 (6th Cir. 2005) (unpublished decision) (vacating defendant's sentence and remanding so that the district court could apply **both** the §2D1.1(b)(1) enhancement to defendant's drug conviction and the §2K2.1(b)(5) enhancement to defendant's felon-in-possession conviction).

4

disregarded the lower offense level, and yielded a sentence based solely on the higher offense level for his drug possession conviction.  Accordingly, there was no double-counting in Defendant's case that would entitle him to a reduction in his sentence.

8.  To the extent that Defendant requests that he be resentenced under United States v. Booker (543 U.S. 220 (2005)), this Court must deny the request for resentencing. It is well established that although Booker rendered the Guidelines advisory, it was not a guideline amendment promulgated by the Sentencing Commission, and therefore cannot serve as the basis for a § 3582(c)(2) reduction.  Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006).

9.  Lastly, nothing in this Decision and Order should be read to preclude Defendant from moving for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on the recent amendments to the Sentencing Guidelines for cocaine base offenses.

IT HEREBY IS ORDERED, that Defendant's Motion to Reduce his Sentence (Docket No. 55) is DENIED.

FURTHER, that Defendant's Motion for Summary Judgment (Docket No. 58) is DENIED.

SO ORDERED.

Dated:  March 25, 2008
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge